UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 5:17-CV-00439-VAP (SK) | Date | March 15, 2017 |
|---|---|---|---|
| Title | Alfredo Felix v. Eric Arnold, Warden | | |

| Present: The Honorable | Steve Kim, U.S. Magistrate Judge |
|---|---|

| Marc Krause | n/a |
|---|---|
| Deputy Clerk | Court Smart / Recorder |
| Attorneys Present for Petitioner: | Attorneys Present for Respondent: |
| None present | None present |

**Proceedings:**     (IN CHAMBERS) **ORDER TO SHOW CAUSE RE: TIMELINESS**

On March 7, 2017, Petitioner constructively filed a petition for a writ of habeas corpus under 28 U.S.C. § 2254. (ECF No. 1). A review of the state court docket shows that the California Court of Appeal affirmed Petitioner's conviction on March 25, 2015 (No. D066686), and that the California Supreme Court denied his petition for review on June 19, 2015 (No. S226034). The Court takes judicial notice of the state court docket for Petitioner's case, which is available at http://appellatecases.courtinfo.ca.gov. *See Smith v. Duncan*, 297 F.3d 809, 815 (9th Cir. 2002). Petitioner does not allege that he appealed his conviction to the U.S. Supreme Court and states that he did not file any habeas petitions in state court. (ECF No. 1 at 3).

A state prisoner must file a federal habeas petition within one year of "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." 28 U.S.C. § 2244 (d)(1)(A). Here, Petitioner's conviction became final on September 17, 2015, at the expiration of the 90-day period in which he could have appealed the California Supreme Court's decision to the U.S. Supreme Court. Thus, Petitioner had until September 17, 2016 to file a timely petition, but it was not filed until nearly six months later. The one-year limitations period may be tolled during the pendency of "a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment." 28 U.S.C. § 2244(d)(2). But because Petitioner indicates he did not file a state habeas petition, and the Court's review of the state court docket appears to confirm that no such petition was filed in state court, he does not appear entitled to any statutory tolling.

Accordingly, Petitioner is **ORDERED TO SHOW CAUSE** on or before **April 17, 2017**, why this action should not be dismissed as untimely. **If Petitioner does not file a timely response to this Order to Show Cause, Petitioner is advised that the Court will recommend dismissal of the Petition for failure to prosecute. See Fed. R. Civ. P 41(b); L.R. 41-1.** If Petitioner no longer wishes to pursue this action, he may voluntarily dismiss the action pursuant to Federal Rule of Civil Procedure 41(a) by filing a "Notice of Dismissal."